### HAYDEN *v.* BROOKLYN EL. R. Co.

*(City Court of Brooklyn, General Term.* January 27, 1892.)

MASTER AND SERVANT—INJURY TO EMPLOYE—EVIDENCE.

In an action against an elevated railway company for personal injuries, the court properly refused to submit to the jury the question whether or not a scaffolding on which plaintiff was working, erected on defendant's platform, was knocked down by a passing engine, where it appeared that several engines had passed and repassed

the scaffolding without touching it, and no evidence was offered to show that the engine alleged to have struck the scaffolding was wider than those which had passed.

Appeal from trial term.

Action by Thomas J. Hayden against the Brooklyn Elevated Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*J. A. Wernberg,* for appellant. *Hoadly, Lauterbach & Johnson,* for respondent.

CLEMENT, C. J. The plaintiff alleged that on June 2, 1890, he was working on a scaffold erected upon the station of defendant at Fifth avenue and Thirty-Sixth street, and that, while he was at his work, said scaffold was struck by an engine of the defendant, and was thrown down, whereby he was severely injured. At the trial the plaintiff was the only witness, and the case was dismissed. The sole question presented is whether, on the uncontradicted testimony of the plaintiff, the case should have been submitted to the jury. The scaffold was about 5 feet above the platform. The uprights were about 6 inches from the edge, and the distance between the platform and the railroad track was about 18 inches. The plaintiff was a carpenter, and was "getting ready" a piece of timber 13 feet long, and was working on one end of the timber, and Ford, another carpenter, was working at the other end. The station is at the end of the road, and the trains stopped about 25 feet from the place where the plaintiff was. The engine was uncoupled and moved a short distance beyond such place, and then back, after the cars from which the engine was detached had been taken out on a new trip. On the day of the accident the plaintiff worked on the scaffold about half an hour. Five or six engines had passed and repassed him, when he testified that a passing engine knocked down the scaffold, and he fell into the street, a distance of about 36 feet. He also testifies that he did not know what part of the engine struck the scaffold, and he gave the number of the engine which passed as the scaffolding fell. The counsel for the plaintiff claims that the plaintiff had a right to assume that the engines were of the same width, and we are inclined to hold with him on that point. The difficulty is that no proof was given at the trial that engine No. 74 was wider than the other engines. The substance of the testimony of the plaintiff is that the scaffolding fell as the engine was passing. His testimony that it was knocked down by a passing engine is a conclusion. At folio 30 the court said: "It does not appear that there was any difference in the engines." The counsel replied, "There must have been." At folios 31 and 32: "*Question.* What engines do you refer to, that passed down within a foot of the platform? *Answer.* I don't really know." If the locomotive No. 74 was wider than the other locomotives, such fact was easily proven. A man, by his eye-sight, and without measurements, could tell whether an engine was wide enough to overlap a platform at a station six inches. The simple fact that a locomotive was running by when the scaffolding fell would not raise a presumption that the scaffolding was struck by the locomotive. The timber on which the plaintiff was working may have moved at the time, and struck the locomotive, or another timber may have moved. In an action of this kind the plaintiff was called upon to prove more than that the scaffolding fell. He should offer some testimony tending to show that it fell by the carelessness of the defendant; and, further, he should prove the absence of contributory negligence on his part. The case of *German* v. *Rapid Transit Co.,* (Com. Pl. N. Y.) 13 N. Y. Supp. 897, is not in point. In that case the plaintiff was injured by reason of the failure of the engineer to give warning that he was about to start his engine, knowing that a man was working on or near the track, and, in case the engine was moved, he would be injured. The case was not

dismissed upon the merits, and the judgment should be modified by striking out such words; and, in accordance with the practice of the court where a judgment is so erroneously entered, the respondent is entitled to no costs on the appeal. Judgment modified, and, as modified, affirmed, without costs.